**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

ODIN NEW HORIZON REAL ESTATE
FUND LP

Petitioner,

v.

ALLISON STANTON,

Respondent,

---

**PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204**

---

Petitioner Odin New Horizon Real Estate Fund LP ("Odin"), by and through undersigned counsel, submit its petition for order to show cause pursuant to C.R.S. § 38-35-204 (the "Petition") stating as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel for Odin attempted to confer in good faith with Respondent Allison Stanton ("Stanton") regarding the substance of this Petition. Stanton did not respond which necessitated the relief requested herein.

**INTRODUCTION**

The facts supporting this Petition are straightforward. Odin is the sole owner of real property located at 16622 E. Asbury Ave., Aurora, CO 80013 (the "Property"), which it acquired as a result of a foreclosure sale on October 2, 2024. As the owner of the Property, Odin attempted

to sell the Property to a third-party, but it uncovered various frivolous liens and documents Stanton recorded *after* Odin became the sole owner.[1] The existence of these documents has created a cloud on title to the Property which has and will continue to diminish Odin's ability to sell the Property. In fact, a recent proposed sale fell through due to these frivolous liens and documents and these documents have and will continue to injure Odin until they are deemed invalid.

As set forth in greater detail below, Odin these documents are "spurious" under C.R.S. § 38-35-201 *et seq.* and therefore invalid. As a threshold matter, at the time Stanton recorded these documents, she held no interest in the Property and therefore was not entitled to convey, encumber, or "redeem" the documents at issue. A closer look proves each document lacks a legal or factual basis to support their validity. Instead, they appear to be part of Stanton's aggressive campaign to vex Odin and other parties by bringing frivolous lawsuits and motions to prevent the sale of the Property. As part of that campaign, and likely due to the fact that Stanton has been unsuccessful with her unsupported legal theories, she has now resorted to a new tactic, recording spurious liens and documents against the Property, to further prevent Odin from rightfully selling the Property as the sole owner.

For these reasons, and as argued below, Odin maintains the recorded documents constitute "spurious liens" and/or "spurious documents" pursuant to C.R.S. § 38-35-201 *et seq.* and on this basis respectfully requests this Court issue an order to show cause why such documents should not be declared invalid. C.R.S. § 38-35-204(1).

[1] These documents include grant deeds, Uniform Commercial Code ("UCC") financing statement, and various notices in which Stanton expressed her intent to "redeem" certain documents previously recorded against the Property.

## STATEMENT OF FACTS

### A. In 2018, Stanton and Unison Agreement Corp. Entered into an Option Contract Secured by a Consensual Deed of Trust Recorded Against the Property

1. Effective October 23, 2018, Stanton entered into a HomeOwner Option Agreement ("Option") and HomeOwner Covenant Agreement ("Covenant") with non-party Unison Agreement Corp. ("Unison"), whereby in exchange for a monetary payment by Unison to Stanton, Stanton granted Unison, and its successors and assigns, an option to purchase a percentage interest in the Property, which was secured by the recording of the Unison HomeOwner Deed of Trust ("Deed of Trust") and Memorandum of Unison HomeOwner Agreement ("Memorandum") on October 30, 2018 with the Arapahoe County Clerk as Reception Nos. D8106906 and D8106905. Affidavit of Unison in support of Petition ("Unison Aff.") ¶ 5, Exs. A-D (Option, Covenant, Deed of Trust, and Memorandum).[2]

2. In the closing instructions to the Unison Agreements, Stanton and Unison acknowledged the Property was encumbered by unsatisfied senior liens, including a secured loan with Rocket Mortgage LLC fka Quicken Loans ("Quicken Loans") and a secured loan with Aqua Finance, Inc. ("Aqua Finance"). Unison Aff. ¶ 6, Ex. E (Closing Instructions). Unison and Aqua Finance subsequently entered into a subordination agreement, which subordinated and made the prior lien held by Aqua Finance subject to the Deed of Trust (the "Subordination Agreement"). *Id.* ¶¶ 7-8, Ex. F (Subordination Agreement). The Subordination Agreement was recorded on October 30, 2018 with the Arapahoe County Clerk as Reception No. D8106907. *Id.*

3. On October 23, 2018, Unison assigned its interest in the Unison Agreements to Odin pursuant to an Assignment of the Unison HomeOwner Agreement (the "Assignment"), which

---

[2] The Option, Covenant, Deed of Trust, and Memorandum are collectively referred to as the "Unison Agreements."

was recorded on October 30, 2018 with the Arapahoe County Clerk as Reception No. D8106908. Unison Aff. ¶ 9, Ex. G (Assignment).

**B. Quicken Loans Initiated a Judicial Foreclosure and Odin Purchased the Property at the Foreclosure Sale on October 2, 2024**

4. As the senior lienholder against the Property, Quicken Loans brought a judicial foreclosure action in the District Court, Arapahoe County, Colorado (Case No. 2024CV31195) based on Stanton's alleged default on her loan with Quicken Loans.

5. On August 19, 2024, in an attempt to prevent foreclosure, Stanton filed a lawsuit against Defendants Nancy Sauceda, Mindy Vasquez, Randall M. Chin, Michael R. Westerberg, Judge Elizabeth Beebe Volz, Guardian Title Agency, and Rocket Mortgage in the U.S. District Court for the District of Colorado (Case No. 1:24-cv-02280) ("*Sauceda*"), which alleged issues relating to the foreclosure and requested a return of the Property. *Sauceda*, ECF No. 1.

6. On October 2, 2024, the Arapahoe County Public Trustee sold the Property to Real Estate Equity Exchange, Inc. d/b/a Unison. The Public Trustee issued a Certificate of Purchase which was recorded on October 4, 2024 with the Arapahoe County Clerk as Reception No. E4064902. Unison Aff. ¶ 10, Ex. H (Certificate of Purchase).

7. On October 14, 2024, Real Estate Equity Exchange, Inc. d/b/a Unison executed an Assignment of Certificate of Purchase conveying title to the Property to Odin, which was recorded on October 15, 2024 with the Arapahoe County Clerk as Reception No. E4067318. Unison Aff. ¶ 11, Ex. I (Assignment of Certificate of Purchase).

8. After all applicable redemption periods expired pursuant to C.R.S. § 38-38-302, title to the Property vested in Odin as of October 14, 2024. As a result, Odin is the sole legal owner of the Property at all times relevant to its Petition. Unison Aff. ¶ 12.

9. The conveyance of the Property to Odin was confirmed by the issuance of a Public Trustee's Confirmation Deed (the "Confirmation Deed") recorded on October 28, 2024 with the Arapahoe County Clerk as Reception No. E4070772. Unison Aff. ¶ 13, Ex. J (Confirmation Deed).

**C. As the Owner to the Property, Odin Filed an Eviction Proceeding against Stanton and Stanton Filed Various Lawsuits in Response, Three of Which Have Been Dismissed**

10. On December 17, 2024, Odin filed a complaint in forcible entry and unlawful detainer against Stanton, Unapologetic Ministries Living Trust, and all occupants of the Property in the County Court Arapahoe County, Colorado (Case No. 2024C51901) which demanded judgment for the possession of the Property (the "UD Action"). *See generally* UD Action; Unison Aff. ¶ 14.

11. On January 3, 2025, the court in the UD Action entered a judgment in favor of Odin. *See generally* UD Action.

12. On January 13, 2025, in the UD Action, Stanton filed a motion to quash judgment and motion to stay execution pending the resolution of her purported equitable defenses and claims. In support, Stanton claimed to hold a valid and perfected UCC lien on the Property which predates Odin and establishes priority. Stanton subsequently filed an amended motion to quash, which the court denied on January 21, 2023. *Id*.

13. On January 15, 2025, in a last ditched attempt to stop the eviction, Stanton filed a lawsuit against Odin New Horizon Real Estate, LP[3] in the U.S. District Court for the District of Colorado (Case No. 1:25-cv-00189) ("*Stanton I*") which sought an injunction preventing any

---

[3] "Odin New Horizon Real Estate. LP" is not an entity related to or associated with Odin (whose legal name is Odin New Horizon Real Estate Fund LP) or Unison.

eviction from the Property and further alleged violations of the 5th and 14th amendment. *Stanton I*, ECF No. 1.

14. On January 23, 2025, the court in *Stanton I* denied Stanton's request for injunctive relief and ordered her to file an amended complaint within thirty days. *Stanton I*, ECF No. 5.

15. In *Stanton I*, Stanton filed an amended complaint on January 23, 2025, a second amended complaint on January 24, 2025, a motion for summary judgment or motion to dismiss on January 24, 2025, and a writ to quiet title and affirm ownership on January 27, 2025, among other incomprehensible demands, letters, and proclamations. *Stanton I*, ECF Nos. 6, 7, 8, 9, 10, 11, 12.

16. On February 14, 2025, Stanton, on behalf of herself and the Moorish Science Temple of America, and Trust Corpus Consulate of the United States for the Moroccan Empire filed another lawsuit in the U.S. District Court for the District of Colorado (Case No. 1:25-cv-00508) ("*Stanton II*") against Odin, Judge Colleen Clark, Arapahoe County Sheriff Department, and the Colorado Attorney General, which sought $1,000,000 in alleged property damages and restitution, demanded all defendants be tried for treason, and demanded restoration and redemption of Property. *Stanton II*, ECF No. 1.

17. On February 19, 2025, the court in *Stanton II* issued an order directing Stanton to cure deficiencies in her complaint, including a missing original signature. *Id.* at 5. The order also informed Stanton that she may not represent another pro se litigant in federal court and any entities in the case caption must be represented by counsel. *Id.*

18. On February 26, 2025, Stanton filed a motion to close *Stanton I* on the basis that she opened a new case, *Stanton II*. *Stanton I*, ECF No. 15. As a result, on February 27, 2025, the

court issued an order granting the motion and dismissing *Stanton I* without prejudice and denying all pending motions as moot. *Id*. at 16.

19. On March 27, 2025, the court in *Stanton II* issued an order of dismissal on the basis that Stanton failed to comply with the February 19, 2025 order. *Stanton II*, ECF No. 11. As a result, the court dismissed *Stanton II* without prejudice and issued a judgment in favor of defendants on the same day. *Id.* at 11-12.

20. The next day, on March 28, 2025, Stanton, on behalf of herself and the MST of A: Consulate of the United States for the Moroccan Empire Trust Corpus Agency, filed another lawsuit in the U.S. District Court for the District of Colorado (Case No. 1:25-cv-01019) ("*Stanton III*") against Odin, Arapahoe County Sherrif Department, Judge Colleen Clark, Phil Weiser – Attorney General, and Michael R. Westerberg – Public Trustee/Treasurer, which alleges unspecified violations of the U.S. Constitution and again seeks $1,000,000 in alleged property damages and restitution, demands all defendants be tried for treason, and demands restoration and redemption of Property. *Stanton III*, ECF No. 1.

21. On May 6, 2025, the Court issued an order of dismissal dismissing *Stanton III* without prejudice and entering a judgment. *Id.* at Nos. 6-7.

**D. Odin Attempted to Sell the Property but Uncovered Invalid Liens and Documents Recorded Against the Property, Which Adversely Impacted Odin's Ability to Sell the Property**

22. As the sole legal owner of the Property, Odin attempted to sell the Property. Unison Aff. ¶ 15. In doing so, Odin discovered various liens and documents which Stanton recorded against the Property, including:

a) UCC Financing Statement recorded November 12, 2024 with the Arapahoe County Clerk as Reception No. E4074221, which identifies thirteen (13)

debtors,[4] and Stanton and the Department of the Treasury as the secured party,[5] and which identifies any property secured against Stanton's name as the collateral (the "UCC Statement").[6] Unison Aff. ¶ 16, Ex. K (UCC Statement).

b) Document entitled 'Redeem in Lawful Money' recorded December 19, 2024 with the Arapahoe County Clerk as Reception No. E4082873 (the "December 19, 2024 Document"), wherein Stanton purports to state her "intent to redeem all promissory notes, credits, and Federal Reserve Notes related to past, present, and future transactions in lawful money[,]" and attaches the previously recorded Confirmation Deed with additional notations stating it has been "accepted for value" and "[r]edeemed in lawful money pursuant to 12 U.S.C. 411. I no longer hold obligation or duty this is now a public obligation of the U.S. Treasury[,]" and "must be settled and discharged in lawful money," with a demand of a "full discharge of this obligation in lawful money." Unison Aff. ¶ 16, Ex. L (December 19, 2024 Document).

c) Grant Deed recorded December 26, 2024 with the Arapahoe County Clerk as Reception No. E4083609, wherein Stanton, as grantor, purports to grant the Property to Unapologetic Ministries Revocable Living Trust as grantee (the "Dec. 26, 2024 Grant Deed"). The 2024 Grant Deed also includes a document wherein Stanton purports to express her intent to "redeem" the Property and requests a tax refund for property taxes and recorded fees. Unison Aff. ¶ 16, Ex. M (Dec. 26, 2024 Grant Deed).

d) Document entitled 'Redeem in Lawful Money recorded December 27, 2024 with the Arapahoe County Clerk as Reception No. E4083856 (the "December 27, 2024 Document"), wherein Stanton purports to express her "intent to redeem all promissory notes, credits, and Federal Reserve Notes related to past, present, and future transactions in lawful money[,]" and attaches a warranty deed previously recorded against the Property on May 9, 2007 with the Arapahoe County Clerk as Reception No. B7059155. Unison Aff. ¶ 16, Ex. N (December 27, 2024 Document).

e) Grant Deed recorded December 31, 2024 with the Arapahoe County Clerk as Reception No. E4084865, wherein Stanton, as grantor, purports to grant the Property to Unapologetic Ministries Revocable Living Trust as grantee

[4] The UCC Statement lists seven (7) additional individual debtors including Elizabeth Volz, Shana Kloek, Nancy Sauceda, Mindy Vasquez, Michael Westerberg, Randall Chin, and Brian Brown, and six (6) entities as debtors including Arapahoe County Court, Colorado Home Realty, Guardian Title Agency, Arapahoe County Treasurer, Barrett, Frappier & Weisserman, LLP, and Rocket Mortgage. *Id.*

[5] The UCC Statement also adds "As Express Trust Dtd" and "Wisdom Shield El" as additional secured parties.

[6] The UCC Statement also claims a "mortgage is a dead pledge" and the "CEO of Rocket Mortgage and Clerk of Court is now ordered to close the case and discharge the dead pledge account and to compensate the secured party in the amount of $999,000,000,000 billion in gold coins 31 USC 5118(d)(2)." *Id.*

(the "Dec. 31, 2024 Grant Deed" which along with the Dec. 26, 2024 Grant Deed are collectively the "2024 Grant Deeds"). Unison Aff. ¶ 16, Ex. O (Dec. 31 2024 Grant Deed).[7]

f) Document entitled 'Redeem in Lawful Money' recorded January 14, 2025 with the Arapahoe County Clerk as Reception No. E5003356 (the "January 14, 2025 Document"), wherein Stanton purports to express her "intent to redeem all promissory notes, credits, and Federal Reserve Notes related to past, present, and future transactions in lawful money[,]" and attaches the previously recorded Deed of Trust with additional notations stating it has been and "accepted for value" and "[r]edeemed in lawful money pursuant to 12 U.S.C. 411. I no longer hold obligation or duty this is now a public obligation of the U.S. Treasury[,]" and "must be settled and discharged in lawful money," with a demand of a "full discharge of this obligation in lawful money." Unison Aff. ¶ 16, Ex. P (January 14, 2025 Document).

23. Odin has been prevented from selling the Property due to the existence of the UCC Statement, December 19, 2024 Document, the 2024 Grant Deeds, December 27, 2024 Document, and the January 14, 2025 Document (collectively, the "Recorded Documents"), as these documents create a cloud on title to the Property which has and will continue to diminish Odin's ability to sell the Property. Unison Aff. ¶ 18. Specifically, on or around March 31, 2025, Odin received an offer to purchase the Property which Odin had accepted, but the proposed sale fell through due to the discovery of the Recorded Documents. Unison Aff. ¶ 19.

24. Because Odin has been prevented from selling the Property, Odin now faces an immediate risk to further injury and has and will continue to suffer damages including actual damages, plus any other damages, interest, costs, and any other equitable relief this Court deems proper, if the Court does not declare the Recorded Documents invalid.

---

[7] The December 31, 2024 Grant Deed is a recording of a previously recorded Grant Deed, recorded on December 5, 2022 with the Arapahoe County Clerk as Reception No. E2116195, which was extinguished by the October 2, 2024 foreclosure. Unison Aff. ¶ 17.

25. As set forth below, Odin maintains the Recorded Documents constitute a "spurious lien" and/or "spurious document" pursuant to C.R.S. § 38-35-201 *et seq.* and on this basis respectfully requests this Court issue an order to show cause why the Recorded Documents should not be declared invalid. C.R.S. § 38-35-204(1); C.R.C.P. 105.

## **LEGAL STANDARD**

26. C.R.S. § 38-35-201 *et seq.* provides the mechanism for challenging a "spurious lien" or "spurious document" recorded against real property. C.R.S. § 38-35-204.

27. A "spurious lien" is a "purported lien or claim or lien" that is either "not provided for by a specific Colorado or federal or statute or by a specific ordinance or…municipality," "not created, suffered, assumed, or agreed to by the owner of the property it purports to encumber," or "not imposed by order, judgment or decree" of a court. C.R.S. § 38–35–201(4); *Egelhoff v. Taylor*, 312 P.3d 270, 274 (Colo. App. 2013) (affirming finding a lien was spurious and therefore invalid where party offered no factual or legal support for lien's validity and instead only provided a unilateral demand for payment without evidence of an underlying agreement); *see Furball Brands, LLC v. We Love Pets, LLC*, 2025 Colo. Dist. LEXIS 63, at *1 (Apr. 2025) (finding a financing statement and statutory lien to be spurious and therefore invalid).

28. On the other hand, a "spurious document" covers a broader range of documents including "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." C.R.S. § 38–35–201(3). Colorado courts further define a "groundless document" as "one for which a proponent can advance no rational argument based on evidence or the law to support the claim of a lien." *Westar Holdings P'ship v. Reece*, 991 P.2d 328, 330 (Colo. App. 1999) (citing *Harris v. Hanson*, 821 P.2d 821, 824 (Colo. App. 1991));

*Champa St. 2736, Ltd. Liab. Co. v. Somes*, 2022 Colo. App. LEXIS 2724, at *11 (Ct. App. Mar. 24, 2022) (holding a "notice of intent to redeem" constitutes a "document" under the definition for a "spurious document" pursuant to C.R.S. § 38–35–201(3)).

29. Examples of a spurious lien or document include a "'wild deed' which is created when someone with no interest in a property attempts to convey it to another via a deed of trust." *Battle North, LLC v. Sensible Hous. Co.*, 370 P.3d 238, 251 (2015) (affirming finding of a spurious deed recorded by a party who held no interest in the property); *Fiscus v. Liberty Mortg. Corp.*, 373 P.3d 644 (Colo. App. 2014) (affirming trial court's holding that a person with no interest in a property could not encumber the property because the deed of trust created only a "wild deed," which was a spurious document)*, aff'd on other grounds*, 379 P.3d 278 (2016)*, aff'd on other grounds*, 379 P.3d 278 (2016); *see also GMAC Mortg. Corp. v. PWI Grp.*, 155 P.3d 556, 558 (Colo. App. 2006) (reversing trial court's decision by holding a "wild deed" was a spurious lien because party did not own the interest it purported to convey and therefore did not encumber the properties).

30. A person whose real property is affected by a "spurious lien" or "spurious document" may petition the district court in the county in which the notice was filed or the federal district court in Colorado for an order to show cause why the document should not be declared invalid. *See* C.R.S. § 38-35-204(1); *see also* C.R.C.P. 105.1 (allowing "[a]ny person whose real or personal property is affected by a spurious lien or spurious document, as defined by law, [to] file a petition in the district court in the county in which the lien or document was recorded or filed, or in the district court for the county in which affected real property is located, for an order to show cause why the lien or document should not be declared invalid."). Upon filing the petition, the

statute mandates an expedited proceeding, requiring the party who filed or recorded the alleged document or lien to appear before the court no more than twenty-one days after service of the order. *See* C.R.S. § 38-35-204(1)(a). If the court determines the document or lien is spurious and therefore invalid, the petitioner shall be awarded costs, including reasonable attorneys' fees. *See* C.R.S. § 38-35-204(2).

## **ARGUMENT AND AUTHORITY**

31. As a threshold matter, Odin, as the sole owner of the Property, constitutes a person "whose real property is affected by a spurious lien or document," and therefore may bring this Petition for an order to show cause why the document should not be declared invalid. *See* C.R.S. § 38-35-204(1).

32. Moreover, Odin can establish each of the Recorded Documents, which Stanton recorded against the Property, constitute a "spurious lien" or "spurious document" as defined under C.R.S. §§ 38–35–201(3), (4). For this reason, and as set forth below, Odin respectfully requests that the Court issue an order to show cause why the Recorded Documents should not be declared invalid. C.R.S. § 38-35-204(1); C.R.C.P. 105. In support for its position, Odin states as follows:

33. *First*, Odin is the sole legal owner of the Property as a result of Real Estate Equity Exchange, Inc. d/b/a Unison's purchase of the Property at the October 2, 2024 foreclosure sale and its subsequent assignment to Odin. Unison Aff. ¶¶ 10-13, Ex. I (Assignment of Certificate of Purchase). As the sole legal owner of the Property, any later filed and/or recorded liens against the Property from any individual or entity other than Odin have no legal force or effect and should therefore be deemed invalid.

34. Specifically, the UCC Statement (recorded on November 12, 2024), the three documents entitled "Redeem in Lawful Money" (recorded December 19, 2024 December 27, 2024, and January 14, 2025, respectively), and the 2024 Grant Deeds (recorded December 26 and December 31, 2024, respectively), were each recorded *months after Odin became the owner of the Property.* Unison Aff. ¶¶ 16, Exs. K-P. While these documents purport to establish a secured interest against the Property in favor of Stanton, convey interest in the Property, or otherwise impact prior secured obligations, as explained above, Stanton holds no interest in the Property given the October 2, 2024 judicial foreclosure and Confirmation Deed, recorded on October 28, 2024. Unison Aff. ¶ 13, Ex. J (Confirmation Deed). Stanton therefore has no ability to convey, encumber, or "redeem" the documents at issue.

35. These Recorded Documents thus meet the definition of a "spurious lien" or a "spurious document" and are analogous to a "wild deed" created when someone with no interest the Property (here, Stanton) attempts to create secured interests against that property. Courts hold that a "spurious lien" or "spurious document" encompasses a document that purports to convey an interest even if the grantor has no interest to convey. *Battle North*, 370 P.3d at 250-52 ("This definition obviously may encompass a document that purports to convey an interest in property but does not do so because the grantor has no interest to convey."). The reason being, whether valid or not, the document "creates a cloud on title, rendering title unmarketable." *Id.* at 250-51 (holding a spurious quitclaim deed affects title as "any potential purchaser of the property would have notice of — and likely be deterred by — the claims represented by these quitclaim deeds."). Courts routinely hold such documents meet the definition of a spurious lien or document under C.R.S. § 38-35-201 *et seq. Fiscus*, 373 P.3d 644*, aff'd on other grounds*, 379 P.3d 278; *see GMAC*

*Mortg. Corp.*, 155 P.3d at 558 (reversing a trial court's decision by holding that a "wild deed" was a spurious lien because the party did not own the interest it purported to convey and therefore did not effectively encumber the subject properties). Because all of the Recorded Documents were recorded *after* the recording of the Confirmation Deed, they are invalid.

36. This rationale applies to the Recorded Documents as Stanton had no interest the Property at the time the Recorded Documents were recorded. For example, the 2024 Grant Deeds, represent Stanton to be the grantor, granting the Property to "Unapologetic Ministries Revocable Living Trust" as grantee. Unison Aff. ¶¶ 16, Exs. M, O (2024 Grant Deeds). However, since Odin owns the Property outright, Stanton's attempt to convey an interest in the Property is invalid. *Battle North*, 370 P.3d at 250-52 (affirming finding of a spurious deed recorded by a party who held no interest in the property); *see GMAC Mortg. Corp.*, 155 P.3d at 558 (holding a "wild deed" was spurious because the party did not own the interest it purported to convey and therefore did not encumber the properties). As are the other Recorded Documents for the reasons set forth above.

37. *Second*, notwithstanding the deficiencies identified above, the content of the UCC Statement further demonstrates its invalidity, as Stanton not only lists herself as a secured party, but also lists non-existent individuals and/or entities "As Express Trust Dtd" and "Wisdom Shield El" as additional secured parties, both of whom list addresses associated with U.S. Postal Service locations in Aurora, CO and Jacksonville, FL. The UCC Statement lists thirteen (13) purported debtors, many of whom were either parties to *Sauceda*, *Stanton I*, *Stanton II*, or *Stanton III* or are individuals associated with such parties. Unison Aff. ¶¶ 16, Ex. K; *see generally Sauceda.* In other words, when Stanton's litigation tactics failed against the defendants in the various state and federal actions involving the Property, she instead recorded fraudulent UCC Statement identifying

these same defendants as "debtors," in an attempt to alter previous contractual obligations, a tactic frequently used by sovereign citizens. *See People v. Anderson*, 465 P.3d 98, 101-04, n.4 (Colo. App. 2020) (discussing belief system of "sovereign citizens" and analyzing cases where parties filed frivolous liens, including UCC liens, against parties); *see also Bey v. Kemp*, No. 2023 U.S. Dist. LEXIS 92182, at *6-7 (M.D. Ga. May 2023) (explaining that "[s]o-called 'sovereign citizens' generally rely 'on the Uniform Commercial Code []," and claim "[i]ndividuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman….[and] demand that government officials pay enormous sums of money to use the strawman's name[.]"). Accordingly, since Stanton cannot proffer legal or factual support establishing the validity of the UCC Statement, this Court should issue an order to show cause why the UCC Statement should not be declared invalid. *See Egelhoff*, 312 P.3d at 274 (affirming district court decision finding a lien spurious and invalid where party offered no factual or legal support for lien's validity); *Furball Brands*, 2025 Colo. Dist. LEXIS 63, at *1 (Apr. 2025) (finding a financing statement to be spurious and therefore invalid).

38. *Third*, the recorded December 19, 2024 Document, December 27, 2024 Document, January 14, 2025 Document, and 2024 Grant Deeds, each of which attempts to "redeem" other documents constitute "spurious documents" as Stanton cannot advance any rational argument based on evidence or law to support these documents. *See Reece*, 991 P.2d at 330 (relying on *Harris*, 821 P.2d at 824; *see also Somes*, 2022 Colo. App. LEXIS 2724, at *11 (holding a "notice of intent to redeem" constitutes a "document" under the definition for a "spurious document" pursuant to C.R.S. § 38–35–201(3)).

39. In particular, the December 19, 2024 Document purports to express Stanton's intent to redeem the recorded Confirmation Deed, but she cannot prove any right to redeem the Confirmation Deed considering all applicable redemption periods expired pursuant to C.R.S. § 38-38-302 and title to the Property vested in Odin as of October 14, 2024. Unison Aff. ¶¶ 10-13, 16, Exs. J (Confirmation Deed), L (Dec. 19, 2024 Document). Moreover, Stanton's unilateral notations on the Confirmation Deed, which claim it has been "accepted for value" "[r]edeemed" and that she must receive a "full discharge of this obligation in lawful money," are insufficient to establish any agreement with Odin, let alone an agreement to redeem and/or discharge legal and financial obligations. *See Egelhoff*, 312 P.3d at 274 (rejecting argument that a lien was valid when the party only provided a *unilateral* demand for payment without evidence of an underlying agreement with the counterparty).

40. Likewise, the December 27, 2024 Document and January 14, 2025 Document suffer the same fatal deficiencies. Stanton's attempt to "redeem" or change her obligations under prior security instruments and documents is flawed and without any legal support. For example, the December 27, 2024 Document purports to "redeem" the previously recorded warranty deed from May 9, 2007, a deed in which Jeffrey and Kathleen Anderson conveyed the Property *to* Stanton. Unison Aff. ¶ 16, Ex. M (Dec. 27, 2024 Document). Stanton cannot establish any right to "redeem" a deed recorded fifteen years prior, and even if she could, Odin—not Stanton —is the sole legal owner to the Property. Unison Aff. ¶¶ 10-13. The same is true for the January 14, 2025 Document, which attempts to "redeem" the Deed of Trust, as Stanton cannot show she has any right to redeem the Deed of Trust. *See* Unison Aff. ¶ 16, Ex. P (Jan. 14, 2025 Document). Thus,

any attempt by Stanton to alter the chain of title to the Property should be rejected as without any rational argument based on evidence or law to support the document.

41. *Fourth,* to the extent the December 26, 2024 Grant Deed purports to express Stanton's intent to "redeem" the Property and receive a "tax refund," it also meets the definition of a "spurious document" for the same reasons addressed above. *See supra.*

42. In sum, Stanton holds no interest in the Property and therefore Odin, as the sole legal owner of the Property, can establish each of the Recorded Documents which Stanton recorded against the Property *after Odin became its legal* owner, constitute a "spurious lien" or "spurious document" as defined under C.R.S. §§ 38–35–201(3). In any event, Stanton cannot support by legal or factual support the validity of any of these documents as they all appear to be part of Stanton's failed tactics to further delay the sale of the Property. For these reasons, Odin respectfully requests the Court issue an order to show cause why the Recorded Documents should not be declared invalid. C.R.S. § 38-35-204(1); C.R.C.P. 105.

43. Additionally, if the Court determines any of the Recorded Documents are "spurious" pursuant to C.R.S. § 38-35-204, Odin respectfully requests that the Court enter a monetary judgment in the amount of Odin's costs, including reasonable attorney fees, against Stanton. *Id.* § 38-35-204(2).

## CONCLUSION

As set forth above, the Recorded Documents are each invalid and constitute a "spurious lien" or "spurious document." On these grounds alone, the Court should find these documents invalid and enter a monetary judgment in the amount of Odin's costs, including reasonable attorney fees, against Plaintiff.

**WHEREFORE**, Odin respectfully request the Court issue an order to show cause directing Stanton to appear before the Court to show cause why the Recorded Documents should not be declared invalid.

Dated: May 9, 2025

Respectfully submitted,

**SCALE LLLP**

By: Alexander Gershen
Alexander J. Gershen
Attorney for Defendant Odin New Horizon Real Estate Fund LP (erroneously sued as "Odin New Horizon Real Estate Fund LP/Unison")