# Exhibit C

DEED OF TRUST
10/30/2018 10:28 AM RF: $73.00 DF: $0.00
Arapahoe County Clerk, CO
Page: 1 of 13
D8106906
Matt Crane, Clerk & Recorder
Electronically Recorded

After Recording Return To:
Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800

Unison HomeOwner Agreement ID Number:
FRX-087588

[Space Above This Line For Recording Data]

Parcel#031449634 Consideration: $61,950.00

# UNISON HOMEOWNER DEED OF TRUST

This **Unison HomeOwner Deed of Trust,** together with riders hereto ("**Unison HomeOwner Security Instrument**"), is made as of 10/23/2018 ("**Effective Date**"), among ALLISON STANTON (individually or collectively "**Trustor**"), and The Public Trustee of Arapahoe County ("**Trustee**") and Unison Agreement Corp., a Delaware corporation, and its successors and assignees ("**Beneficiary**"), whose address is 650 California Street, Suite 1800, San Francisco, CA 94108.

DEFINITIONS

Capitalized terms used in this Unison HomeOwner Security Instrument shall have the meanings specified in this Unison HomeOwner Security Instrument, or if not defined herein, in that certain Unison HomeOwner Covenant Agreement ("**Unison HomeOwner Covenant Agreement**"), Unison HomeOwner Option Agreement ("**Unison HomeOwner Option Agreement**") and that certain Memorandum Of Unison HomeOwner Agreement ("**Unison HomeOwner Recorded Memorandum**"), which documents, together with this Unison HomeOwner Security Instrument, are collectively termed the "**Unison HomeOwner Agreement**".

## 1. Grant in Trust.

TRUSTOR HEREBY IRREVOCABLY grants, transfers and assigns to Beneficiary, and its successors and assignees, in trust, with power of sale, all of that property ("**Real Property**") described in **SCHEDULE A** attached hereto and made a part hereof.
Commonly known as: 16622 E. Asbury Ave, Aurora CO 80013
Together with all improvements, replacements and additions now or hereafter erected on the Real Property and all easements, appurtenances and fixtures now or hereafter a part of the Real Property. (The fixtures, improvements and the Real Property are collectively referred to as the "**Property**.")

Together with all rents, issues, profits and proceeds, including without limitation, insurance and



© 2018 Real Estate Equity Exchange

condemnation proceeds, from the Real Property, subject, however, to the right, power and authority given to and conferred upon Beneficiary below to collect and apply such rents, issues and profits.

Trustor warrants that he/she/they is/are lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Trustor warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**2. Secured Obligations.** Trustor makes the grant, transfer and assignment set forth in the "Grant In Trust" Section above for the purpose of securing:

**a.** Trustor's performance, and Beneficiary's rights, under the Unison HomeOwner Agreement;

**b.** the performance and payment of the obligations of Trustor under the Unison HomeOwner Agreement, including:

**(i)** payment of all **Protective Advances**, including any unpaid interest and other fees and charges associated with such Protective Advances, owed to Beneficiary under the Unison HomeOwner Agreement;

**(ii)** payment of all **Asset Administration Fees** incurred by or owed to Beneficiary under the Unison HomeOwner Agreement;

**(iii)** payment of all insurance proceeds owed to Beneficiary pursuant to **Sections 8.16(e) and (f)** of the Unison HomeOwner Covenant Agreement;

**(iv)** payment of all condemnation proceeds owed to Beneficiary pursuant to **Section 8.17** of the Unison HomeOwner Covenant Agreement;

**(v)** performance of those obligations to Beneficiary specified in the Unison HomeOwner Agreement, including, without limitation, **Articles Three, Four, Five, Eight and Nine** of the Unison HomeOwner Covenant Agreement; and

**(vi)** performance of the obligations of Trustor under the Unison HomeOwner Covenant Agreement regarding Beneficiary's right as a co-owner to sell the Property following exercise of the **Option** and during **Orderly Sale**.

**c.** the performance of the obligations of Trustor contained in this Unison HomeOwner Security Instrument or incorporated by reference;

**d.** any expenditures made by Beneficiary pursuant to, or under, this Unison HomeOwner Security Instrument; and


© 2018 Real Estate Equity Exchange

e. payment of all fees and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of in-house counsel (collectively "**Attorneys' Fees**")) incurred by Beneficiary in the enforcement and collection of the obligations listed above and the protection of Beneficiary's rights related thereto, whether such fees are incurred in any state, federal, appellate, or bankruptcy court or otherwise and whether or not litigation or arbitration is commenced. Attorneys' Fees shall include, Attorneys' Fees incurred in any state, federal, appellate, or bankruptcy court, and in any bankruptcy case or insolvency proceeding, of any kind in any way related to this Unison HomeOwner Security Instrument, to the interpretation or enforcement of the parties' rights under this Unison HomeOwner Security Instrument, or to the Property.

The foregoing obligations are referred to collectively as the "**Obligations.**"

f. Trustor shall not be obligated to repay any part of the **Unison Initial Payment** (as such term is defined in **Schedule A** to the Unison HomeOwner Covenant Agreement); and therefore, such item shall not be included within the Obligations. The foregoing shall not, however, in any way limit any payment calculated and agreed by Trustor to be paid pursuant to the Unison HomeOwner Agreement, according to the calculation of **Investor Proceeds** and **Investor Interest** (as defined in the Unison HomeOwner Agreement), including, without limitation, any such calculation in connection with a **Special Termination** as defined in **Section 6.2** of the Unison HomeOwner Covenant Agreement.

3. **Uniform Commercial Code Security Agreement And Fixture Filing.** This Unison HomeOwner Security Instrument also is intended to be and shall constitute a security agreement under the Colorado Commercial Law for any items of personal property that constitute fixtures or are specified as part of the Property and that under applicable law may be subject to a security interest under the Colorado Commercial Law. Trustor hereby grants to Beneficiary a security interest in those items to secure the performance and payment of the Obligations.

a. Trustor agrees that Beneficiary may file either this Unison HomeOwner Security Instrument, or a copy of it, or a UCC-1 Financing Statement in the real estate records or other appropriate index and/or in the Colorado Department and Taxation, as a financing statement for any of the items specified above as part of the Property.

b. This Unison HomeOwner Security Instrument constitutes a financing statement filed as a fixture filing pursuant to Sections 104.9310 and 104.9514 of Colorado Commercial Law, and any similar or successor provisions.

c. Beneficiary may file such extensions, renewals, amendments and releases as are appropriate to reflect the status of its security interest.

d. Trustor shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Beneficiary may reasonably require.


© 2018 Real Estate Equity Exchange

On any default hereunder, Beneficiary shall have the remedies of a secured party under the Colorado Commercial Law and may also invoke the remedies in **Section 23** below. In exercising any of these remedies, Beneficiary may proceed against the items of Real Property, fixtures or improvements separately or together and in any order whatsoever without in any way affecting the availability of Beneficiary's remedies under the Colorado Commercial Law or the remedies in **Section 23** below.

**4.** **Assignment Of Leases And Rents.** As additional security for the Obligations, Trustor hereby irrevocably, absolutely and unconditionally assigns to Beneficiary all of Trustor's right, title and interest in and to all existing and future leases, subleases and licenses relating to the use, occupancy or enjoyment of all or any part of the Property and all rents, income, revenues, profits, proceeds and earnings now or hereafter payable with respect to the ownership, use or occupancy of the Property (collectively the "**Rents**"):

**e.** Trustor hereby gives to, and confers upon, Beneficiary the right, power and authority, during the continuance of this Unison HomeOwner Security Instrument, to collect the Rents, reserving unto Trustor the right, prior to any default by Trustor in payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

**f.** Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Beneficiary may determine.

**g.** The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Unison HomeOwner Security Instrument, shall not cure or waive any default or notice of default under this Unison HomeOwner Security Instrument or invalidate any act done pursuant to such notice.

**h.** Nothing in this section shall permit Trustor to lease or rent the Property in contravention of any provision of the Unison HomeOwner Agreement; nor shall anything in this section modify any provision in the Unison HomeOwner Agreement relating to the use, lease or occupancy of the Property.

**5.** **Covenants Of Trustor Regarding The Property.** Trustor hereby agrees as follows:

**i.** To appear in and defend any action or proceeding purporting to affect the security of this Unison HomeOwner Security Instrument or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Trustee and Beneficiary (including cost of evidence of


© 2018 Real Estate Equity Exchange

title and Attorneys' Fees) incurred: **(i)** in any state, federal, appellate, or bankruptcy court, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Unison HomeOwner Security Instrument or to collect the Obligations or to protect Beneficiary's rights under this Unison HomeOwner Security Instrument; and/or **(ii)** in connection with the enforcement of any provisions of this Unison HomeOwner Security Instrument or in connection with foreclosure upon the collateral granted under this Unison HomeOwner Security Instrument (whether or not suit is filed).

**j.** To pay: at least ten (10) days before delinquency all taxes and assessments affecting the Property; and all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Unison HomeOwner Security Instrument, and all costs, fees and expenses of this Unison HomeOwner Security Instrument.

**(i)** If Trustor fails to make any payment or to do any act as provided in this Unison HomeOwner Security Instrument, Beneficiary or Trustee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Beneficiary or Trustee to protect the security for this Unison HomeOwner Security Instrument, which payments and related expenses (including Attorneys' Fees) shall also be secured by this Unison HomeOwner Security Instrument.

**(ii)** Such performance by Beneficiary or Trustee shall not require notice to, or demand on, Trustor and shall not release Trustor from any obligation under this Unison HomeOwner Security Instrument.

**(iii)** Beneficiary or Trustee shall have the following related rights and powers: **(A)** to enter upon the Property for the foregoing purposes, **(B)** to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Beneficiary or Trustee under this Unison HomeOwner Security Instrument, **(C)** to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Beneficiary or Trustee appears to be prior or superior to this Unison HomeOwner Security Instrument, and **(D)** to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

**k.** To pay immediately upon demand all sums expended by Beneficiary or Trustee pursuant to this Unison HomeOwner Security Instrument; and to pay interest on any of the foregoing amounts demanded by Beneficiary or Trustee at the rate specified by applicable law from the date of such demand, not to exceed the maximum rate allowed by law at the time of such demand.

**6.** **Power Of Attorney**. Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Beneficiary may, after providing notice to Trustor pursuant to the Unison HomeOwner Agreement and the Unison HomeOwner Recorded Memorandum, without the obligation to do so, in Beneficiary's name, or in the name of Trustor, prepare, execute and file or record financing statements, continuation statements, applications for registration and like documents necessary to


© 2018 Real Estate Equity Exchange

create, perfect or preserve any of Beneficiary's security interests and rights in or to any of the Property, and, upon a default under this Unison HomeOwner Security Instrument, take any other action required of Trustor; provided, however, that Beneficiary as such attorney-in-fact shall be accountable only for such funds as are actually received by Beneficiary.

l. Notice provided to Trustor under this Unison HomeOwner Security Instrument shall be to the address specified in this Unison HomeOwner Security Instrument unless otherwise required by applicable law.

**b.** Exercise of Beneficiary's remedies under this Unison HomeOwner Security Agreement shall be in compliance with applicable law.

**7.** **<u>Liquidated Damages</u>.** Liquidated Damages means an amount equal to the sum of:

**a.** the **Investor Proceeds,** as calculated according to **Article 10 ("Calculations")** of the Unison HomeOwner Covenant Agreement;

**b.** in connection with Owner's failure to make any monetary payment, the sum of all monetary obligations (including, without limitation, all **Unpaid Owner Obligations**) owed to Investor by Owner under the Unison HomeOwner Agreement; and

c. any and all amounts, properly chargeable to Owner as necessary to satisfy Owner's obligations under the Unison HomeOwner Agreement with respect to Owner's mortgage, tax and insurance obligations on the Property, including late fees, reinstatement fees and other penalties.

**8.** **<u>Late Performance</u>.** By accepting performance of any obligation after its due date, Beneficiary does not waive its right either to require prompt performance when due of all other obligations or to declare default for such failure to perform.

**9.** **<u>Trustee's Powers</u>.** At any time or from time to time, without liability therefor upon written request of Beneficiary and presentation of this Unison HomeOwner Security Instrument, and without affecting the personal liability of any person for the performance of the Unison HomeOwner Agreement secured hereby, Trustee may: **(a)** reconvey any part of the Property; **(b)** consent to the making of any map or plat of the Property; **(c)** join in granting any easement thereon; and **(d)** join in any extension agreement or any agreement subordinating the lien or charge of this Unison HomeOwner Security Instrument.

**10.** **<u>Substitute Trustee</u>.** Beneficiary, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded herein and by applicable law.


© 2018 Real Estate Equity Exchange

11. **Possession of the Property.** Trustor shall have possession of the Property until Beneficiary has given Trustor notice of default pursuant to this Unison HomeOwner Security Instrument.

12. **Trustee's Compensation.** Trustor shall pay Trustee's fees and reimburse Trustee for expenses in the administration of this Trust, including Attorneys' Fees. Trustor shall pay to Beneficiary reasonable compensation for services rendered concerning this Unison HomeOwner Security Instrument, including without limitation any statement of amounts owing under any obligations.

13. **Release.** Upon payment of all sums secured by this Unison HomeOwner Security Instrument, Beneficiary or Trustee shall release this Unison HomeOwner Security Instrument and mark the Unison HomeOwner Agreement "released/paid" and return the Unison HomeOwner Agreement to Trustor. Trustor shall pay any recordation costs. Beneficiary may charge Trustor a fee for releasing this Unison HomeOwner Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

14. **Subordination.** This Unison HomeOwner Security Instrument is subordinate to and junior to the Unison HomeOwner Recorded Memorandum which affects the Property and which is executed by Trustor as "**Owner**" as of the same date as this Unison HomeOwner Security Instrument. Upon any foreclosure of this Unison HomeOwner Security Instrument by the Beneficiary, despite such foreclosure, the Unison HomeOwner Recorded Memorandum will remain in full force and effect (until released pursuant to its terms) and binding upon any person who now or hereafter obtains an interest in the Property; and the Unison HomeOwner Agreement will remain in full force and effect and binding upon Trustor, and any other person who may agree to be bound by such documents.

15. **Successors.** This Unison HomeOwner Security Instrument applies to, inures to the benefit of, and binds all parties to this Unison HomeOwner Security Instrument, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term "**Beneficiary**" shall include any successor or assignee of Beneficiary's rights in the Unison HomeOwner Agreement and in this Unison HomeOwner Security Instrument, whether or not named as Beneficiary in this Unison HomeOwner Security Instrument. In this Unison HomeOwner Security Instrument, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

16. **Joint and Several Liability.** If more than one person signs this Unison HomeOwner Security Instrument as Trustor, the obligations of each signatory shall be joint and several.


© 2018 Real Estate Equity Exchange

17. **Multiple Owners**. If there are multiple Trustors of the Property:

a. this Unison HomeOwner Security Instrument must be signed by each such Trustor;

m. all rights and powers specified for Trustor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all such multiple Trustors;

n. all such multiple Trustors shall be jointly and severally liable for all liabilities and obligations specified for Trustor under this Unison HomeOwner Security Instrument;

o. notice required to be given by, or to, Trustor will be deemed adequately given if given by, or to, any of Trustors using the contact information set forth in this Unison HomeOwner Security Instrument; and

p. Beneficiary may treat any notice received from any one Trustor as notice from all Trustors.

18. **Revocable Trust**. If any Trustor is/are the trustee(s) of a **Revocable Trust** (as defined in **Schedule A** to the Unison HomeOwner Covenant Agreement):

a. all trustees and all trustors of the Revocable Trust must sign this Unison HomeOwner Security Instrument in their capacities as individuals and as trustees and/or trustors of the Revocable Trust, and each trustee and trustor of the Revocable Trust who signs this Unison HomeOwner Security Instrument hereby represents and warrants that all trustees and trustors of the Revocable Trust have been disclosed to Beneficiary;

b. any trustee of the Revocable Trust who is also a trustor of the Revocable Trust need only sign this Unison HomeOwner Security Instrument once for it to be binding on such person both as trustee and as trustor of the Revocable Trust;

c. all rights and powers specified for, and all actions required of, Trustor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all trustees of the Revocable Trust;

d. all trustees and all trustors of the Revocable Trust, in their capacities as individuals, shall be jointly and severally liable with Trustor for all liabilities and obligations specified for Trustor under this Unison HomeOwner Security Instrument;

e. all representations and warranties by Trustor in this Unison HomeOwner Security Instrument are made by all trustees of the Revocable Trust on behalf of the Revocable Trust and by all trustees and all trustors of the Revocable Trust in their capacities as individuals;


© 2018 Real Estate Equity Exchange

q. notice required to be given by, or to, any Trustor will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in this Unison HomeOwner Security Instrument; and

r. Beneficiary may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Trustor.

19. **Acceptance by Trustee.** Trustee accepts this Trust when this Unison HomeOwner Security Instrument, duly executed and acknowledged, is made a public record as provided by law.

20. **Incorporation by Reference. SCHEDULE A** to this Unison HomeOwner Security Instrument is hereby incorporated by this reference.

21. **Extent of Lien.** The lien granted under this Unison HomeOwner Security Instrument shall encumber Trustor's entire interest in the Property, notwithstanding the fact that the Unison HomeOwner Agreement relates to only a fractional interest in the Property.

22. **No Merger.** So long as any of the obligations under the Unison HomeOwner Agreement remains outstanding and undischarged, unless Beneficiary otherwise consents in writing, the fee estate of Trustor in the Property or any part thereof (including the estate of Beneficiary after exercising the Option) will not merge, by operation of law or otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Beneficiary or in any other Person.

**1. Acceleration; Remedies. Beneficiary shall give notice to Trustor prior to acceleration following Trustor's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Trustor, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Trustor of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Trustor to acceleration and sale. If the default is not cured on or before the date specified in the notice, Beneficiary at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Beneficiary shall be entitled to collect all expenses incurred in pursuing**


© 2018 Real Estate Equity Exchange

**the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Beneficiary invokes the power of sale, Beneficiary shall give written notice to Trustee of the occurrence of an event of default and of Beneficiary's election to cause the Property to be sold. Beneficiary shall mail a copy of the notice to Trustor as provided in Section 15. Trustee shall record a copy of the notice in the county in which the Property is located. Trustee shall publish a notice of sale for the time and in the manner provided by Applicable Law and shall mail copies of the notice of sale in the manner prescribed by Applicable Law to Trustor and to the other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Trustor, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Beneficiary or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's certificate describing the Property and the time the purchaser will be entitled to Trustee's deed. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**2. Release.** Upon payment of all sums secured by this Security Instrument, Beneficiary shall request that Trustee release this Security Instrument and shall produce for Trustee, duly cancelled, all notes evidencing debts secured by this Security Instrument. Trustee shall release this Security Instrument without further inquiry or liability. Trustor shall pay any recordation costs and the statutory Trustee's fees.

**3. Waiver of Homestead.** Trustor waives all right of homestead exemption in the Property.

BY SIGNING BELOW, Trustor accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Trustor and recorded with it.

By: ______________________
Allison Stanton

Trustor Address:

16622 E Asbury Ave
Aurora, CO 80013



© 2018 Real Estate Equity Exchange

10/24/18
Date Signed

By: ______________________________

______________________________
Date Signed

By: ______________________________

Date Signed: ______________________________

By: ______________________________

______________________________
Date Signed

______________ **[Space Below This Line For Acknowledgment]** ______________


© 2018 Real Estate Equity Exchange

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT** **CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of ~~California~~ COLORADO )
County of ARAPAHOE )

On 10/24/2018 before me, FRANK NINOS, NOTARY,
Date — *Here Insert Name and Title of the Officer*

personally appeared ALLISON STANTON
*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

FRANK NINOS
Notary Public - State of Colorado
Notary ID 20144027508
My Commission Expires Jul 14, 2022

Signature [signature]
*Signature of Notary Public*

*Place Notary Seal Above*

***OPTIONAL***

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: UNISON HOMEOWNER DEED OF TRUST
Document Date: 10/24/2018 Number of Pages: 12
Signer(s) Other Than Named Above: NONE

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: ALLISON STANTON
☐ Corporate Officer — Title(s):
☐ Partner — ☐ Limited ☐ General
☒ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other:
Signer Is Representing: HERSELF

Signer's Name:
☐ Corporate Officer — Title(s):
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other:
Signer Is Representing:

## SCHEDULE A
## LEGAL DESCRIPTION

That certain real property situated in the City of Aurora, County of Arapahoe, State of Colorado, described as follows:
ALL THE REAL PROPERTY TOGETHER WITH IMPROVEMENTS, IF ANY, SITUATE, LYING AND BEING IN COUNTY OF ARAPAHOE AND STATE OF COLORADO, DESCRIBED AS FOLLOWS:

LOT 3, BLOCK 9, KINGSBOROUGH FILING NO. 4, COUNTY OF ARAPAHOE, STATE OF COLORADO.

SUBJECT TO TAXES FOR THE CURRENT YEAR AND SUBSEQUENT YEARS, EASEMENTS, RESERVATIONS, RESTRICTIONS, COVENANTS AND RIGHTS-OF-WAY OF RECORD IF ANY; AND DISTRIBUTION UTILITY EASEMENTS; AND MATTERS NOT SHOWN BY THE PUBLIC RECORDS BUT OF WHICH GRANTEE HAS ACTUAL KNOWLEDGE; AND INCLUSION OF THE PROPERTY WITHIN ANY SPECIAL TAXING DISTRICT; AND BENEFITS AND BURDENS OF ANY DECLARATION AND PARTY WALL AGREEMENTS, IF ANY AND SUBJECT TO THOSE EXCEPTIONS REFERRED TO IN TITLE INSURANCE COMMITMENT NO 4606-71921 ISSUED BY GUARDIAN TITLE AGENCY, LLC.

APN: 031449634
[end of legal description]


© 2018 Real Estate Equity Exchange